MORRIS LEVINE, *alias* HAROLD DAVIS V. STATE

No. 27,831. November 23, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 14, 1955

*Ray Stevens,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of a narcotic drug; the punishment, 5 years in the penitentiary.

The brief filed in appellant's behalf, by counsel employed after the appeal had been perfected, argues that the evidence is insufficient to prove that appellant had possession of a narcotic drug.

Police officers, in possession of a report that a person fitting the description of appellant had left the emergency room of Brackenridge Hospital carrying a green metal case, arrested appellant on the streets of Austin. He was carrying a box which fitted the description, which he said came from the hospital.

The box was offered in evidence, and was identified as that which had been removed from the hospital.

The box was offered in evidence, and was identified as that which had been removed from the hospital.

The box was locked when removed and remained locked until the officers returned it to the emergency room of the hospital where it was opened and its contents inventoried by the nurse on duty and a doctor.

The box was identified by Nurse Boring as the narcotics box which was found to be missing when appellant left the hospital. She testified that when she opened the box and took inventory of its contents there were three bottles of morphine tablets in it of various grain contents.

Mrs. Boring further testified that she administered Demerol to appellant when he came to the emergency room, which she took from the box in question, which was the only narcotics box kept in the emergency room.

The three bottles labeled morphine and upon which appeared the markings "Brackenridge Hospital Pharmacy" and "Emergency Room" were identified and admitted in evidence.

These bottles were exhibited to Robert F. Crawford, chemist and toxicologist for the Texas Department of Public Safety, who testified that he took the bottles from the metal box, examined the contents of same and found that all of the tablets contained morphine.

As we understand the contention of appellant's counsel on appeal, it is that possession of a narcotic by appellant is not shown because the metal box was locked when he removed it from the hospital and remained locked until the officers returned it and it was opened by a nurse, with a key, for which reason appellant could not have known it contained narcotics; and for the further reason that the box, after its contents were listed, remained at the hospital for a time during which the contents could have been removed and other substituted.

There is evidence to the effect that records are kept at the hospital showing every narcotic tablet dispensed or prescribed, and that from the records those in charge at all times know how many tablets are in the box.

There is also testimony to the effect that no morphine tablets were dispensed or issued after the incident, and no such

narcotics were taken from or added to the bottles by the pharmacist in charge, to whom the narcotics box was delivered the following morning.

The confession of appellant offered by the state, after stating that he had been using dilaudid and had taken "six sixteenths" of that narcotic drug, recites:

"About one o'clock in the morning of today, March 3, 1955, I was still sick so I called a cab and went to Brackenridge Hospital. At the hospital I told the interne that I was sick. He at first called some doctor and then he gave me a shot. I asked him for some pills to take with me and he gave me some but not the kind I asked him for. I had asked him for some more dilaudid. He had gotten the shot for me out of a small box (or rather the nurse got it out of the box and the interne gave me the shot). He told me to go out in the waiting room and wait for a while. I went out and waited a little bit and I decided to go back and ask him again to give me some dilaudid. When I went back in there no one was in the room and I saw the box from which he had gotten me the shot. The box was in a cabinet but one of the cabinet doors was standing open. I reached in and took the box and left the hospital. I ran away for several blocks and then an officer in a police car came and arrested me. I turned over the box to him. I never did have a chance to look in this box after I took it. It was locked and I did not try to break into it."

We overrule the contention that appellant's knowledge of the contents of the box is not shown sufficiently to authorize his conviction for possessing the narcotics therein.

We also find the evidence sufficient to support the finding that the locked box which appellant removed from the hospital contained narcotics.

The judgment is affirmed.